# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERMAIN HUNTER,<br><br>        Petitioner,<br><br>  v.<br><br>GALAZA,<br><br>        Respondent. | )  1:05-cv-1300-OWW-TAG HC<br>)<br>)<br>)  ORDER TO SHOW CAUSE WHY THE<br>)  PETITION SHOULD NOT BE DISMISSED<br>)  FOR UNTIMELINESS<br>)<br>)<br>)<br>) |

     Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

     The instant federal petition was filed on October 14, 2005, and raises the following claims: (1) failure to instruct the jury that Petitioner's alleged admissions should be viewed with caution; (2) erroneous introduction of opinion testimony about the credibility of the complaining witness; (3) prosecutorial misconduct in relying on facts not in evidence; and (4) the sentence violates California Penal Code section 654 and is therefore illegal.  (Doc. 1, pp. 5-8).

**DISCUSSION**

A.  Preliminary Review of Petition

     Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ."  Rule 4 of the Rules Governing Section 2254 Cases.  The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

The Ninth Circuit, in <u>Herbst v. Cook</u>, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond. <u>Herbst</u>, 260 F.3d at 1041-1042.

### B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), <u>cert. denied</u>, 118 S.Ct. 586 (1997).  As the instant petition was filed on October 14, 2005, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

///

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. The AEDPA, however, is silent on how the one year limitation period affects cases where direct review concluded *before* the enactment of the AEDPA. The Ninth Circuit has held that if a petitioner whose review ended before the enactment of the AEDPA filed a habeas corpus petition within one year of the AEDPA's enactment, the Court should not dismiss the petition pursuant to § 2244(d)(1). Calderon v. United States District Court (Beeler), 128 F.3d 1283,1286 (9th Cir. 1997), as amended on denial of rhg. en banc, cert. denied, 522 U.S. 1099 (1998), overruled on different grounds in Calderon v. United States District Court, 163 F. 3d 530 (9th Cir. 1998); Calderon v. United States District Court (Kelly), 127 F.3d 782, 784 (9th Cir.1997), cert. denied, 523 U.S. 1063 (1998), overruled on other grounds in later appeal, 163 F.3d 530 (9th Cir. 1998), cert. denied, 526 U.S. 1060 (1999). In such circumstances, the limitations period would begin to run on April 25, 1996. Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001).

In this case, Petitioner was convicted on November 20, 2002. (Doc. 1, p. 2). The Petition for Review was denied by the California Supreme Court on June 23, 2004.[1] Thus, direct review concluded on September 21, 2004, when the ninety-day period for seeking review in the United States Supreme Court expired.[2] Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999) (concluding period of "direct review" includes the period within which one can file a petition for a writ of certiorari in the United States Supreme Court); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998).

Thus, Petitioner had one year from September 21, 2004, or until September 21, 2005, within which to file his federal petition for writ of habeas corpus. See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001) (holding that Rule 6(a) of the Federal Rules of Civil Procedure governs the calculation of statutory tolling applicable to the one year limitations period.) The instant petition was filed on October 14, 2005, some twenty-four days *after* the one-year period

---

[1] Cal. R. Ct. 24(a) providing that an order of the Supreme Court denying a petition for review of a decision of a Court of Appeal becomes final when it is filed.

[2] See Sup.Ct. R. 13(1)

3

had expired. Thus, the instant petition appears to be untimely under the AEDPA unless Petitioner is entitled either to statutory or equitable tolling.

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In this case, Petitioner did not seek any collateral review in the state courts prior to filing his federal petition for writ of habeas corpus. Thus, he is not entitled to statutory tolling.

The limitations period is also subject to equitable tolling if "extraordinary circumstances beyond a prisoner's control" have made it impossible for the petition to be filed on time. Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), (en banc), overruled in part on other grounds by Woodford v. Garceau, 538 U.S. 202, 205-206 (2003); Calderon v. United States District Court for the Central District of California (Beeler), 128 F.3d at 1288 (noting that "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time"). "[W]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Lott v. Mueller, 304 F.3d 918, 922 (9th Cir. 2002) (quoting Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999)). In order to win equitable tolling, a prisoner must demonstrate that "extraordinary circumstances beyond [his] control" made it "impossible to file a petition on time." (Beeler), 128 F.3d at 1288. In Allen v. Lewis, 255 F.3d 798, 801 (9th Cir. 2001), the Ninth Circuit concluded that the petitioner "must show that the 'extraordinary circumstances' were the but-for and proximate cause of his untimeliness." Recently, the Ninth Circuit reaffirmed this rule in Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005). In that case, the Court pointed out that the determination vis-a-vis equitable tolling is "highly fact-defendant" and that the petitioner "bears the burden of showing that equitable tolling is appropriate." Id.

///

At the same time, the Ninth Circuit noted the United States Supreme Court's decision in Pace v. DiGuglielmo, 544 U.S.408, 125 S.Ct. 1807, 1814 (2005), in which the Supreme Court framed the equitable tolling standard "in less absolute terms":

> "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."

Espinoza-Matthews, 432 F.3d at 1026, fn. 5, quoting Pace, 125 S.Ct. at 1814. The Ninth Circuit declined to decide whether Pace had "lowered the bar somewhat" because the Ninth Circuit concluded that the petitioner had met the "more demanding" articulation found in the Ninth Circuit case law. Id. at 1027.

Here, Petitioner alleges that his "appellate attorney robbed me of any opportunity to prepare and file collateral relief petitions by negligently withholding from me the fact that the st. supreme ct. denied my petition for review." (Doc. 1, p. 4). Recently, Petitioner's appellate counsel filed with the Court a declaration in which he acknowledges that, although the Petition for Review was denied on June 23, 2004, his computer records contain no indicated that he notified Petitioner of that fact. (Doc. 8).

While it is unfortunate that Petitioner's appellate counsel failed to inform Petitioner of the California Supreme Court's denial of his Petition for Review, that fact, by itself, cannot constitute sufficient grounds to equitably toll the AEDPA's one-year limitation period. As indicated, if Petitioner "lacks diligence" in pursing his claims, he cannot avail himself of equitable tolling under the AEDPA. Pace, 544 U.S. 408, 125 S.Ct. at 1814. Even assuming, arguendo that counsel's negligence constitutes an "extraordinary circumstance" beyond Petitioner's control, it did not, by itself, cause the later filing. This is so because counsel's negligence does not relieve Petitioner of his own responsibility to be aware of and to know what was happening in his direct appeal or to take reasonable steps to file his federal habeas petition with one year of the conclusion of the direct appeal.

It appears to the Court that, essentially, Petitioner did nothing to determine the status of his direct appeal for most or all of the one-year AEDPA limitations period, until he finally determined that his Petition for Review had been denied months earlier. Such delay by Petitioner

negates any contention that he acted with diligence, or that his appellate counsel's failure to send him a timely letter was the "but-for" cause of his late filing, Allen v. Lewis, 255 F.3d at 801, or that appellate counsel's conduct had made it "impossible to file a petition on time." (Beeler), 128 F.3d at 1288.  Petitioner could easily have inquired of the California Supreme Court regarding the status of his direct appeal at any time during the one-year period.  That he waited to do so until the year was almost over and his federal petition was due places responsibility for the late filing of this petition squarely on Petitioner's shoulders, not those of his appellate counsel.  Thus, it does not appear that Petitioner is entitled to equitable tolling based on appellate counsel's failure to inform Petitioner of the denial of his Petition for Review.

## ORDER

Accordingly, Petitioner is ORDERED to SHOW CAUSE why the instant petition should not be dismissed for violating the limitations period of 28 U.S.C. § 2244(d).  Petitioner is GRANTED thirty (30) days from the date of service of this order to respond.

IT IS SO ORDERED.

Dated:   **April 6, 2007**                                               /s/ Theresa A. Goldner
**j6eb3d**                                                                  UNITED STATES MAGISTRATE JUDGE